SCHAPIERER *v.* THIRD AVE. R. Co.

*(City Court of New York, General Term.   June 19, 1891.)*

EXCESSIVE DAMAGES.

Where the evidence in an action for personal injuries shows that plaintiff, a tailor, was a married man, and worked for himself; that his leg was broken, on account of which he was obliged to stay in the hospital eight weeks; and that at the time of the trial he still suffered pain, and was unable to work,—a verdict for $350 will not be disturbed as excessive.

Appeal from trial term.

Action by Jacob Schapierer against the Third Avenue Railroad Company. From a judgment entered on a verdict for plaintiff for $350, and from an order denying a motion for a new trial, defendant appeals.

Argued before McGOWN and McCARTHY, JJ.

*Hoadly, Lauterbach & Johnson,* for appellant.   *Samuel D. Levy,* for respondent.

McGOWN, J.   This action was brought to recover for damages alleged to have been sustained by plaintiff, while a passenger on the cars of defendant's company on the 25th day of July, 1889, by reason of the carelessness and negligence of defendants, its agents and servants.   The action was tried before Justice VAN WYCK and a jury on the 11th day of November, 1890, and the jury rendered their verdict in favor of the plaintiff for the sum of $350. The defendant made a motion on the 12th day of November, 1890, before Justice VAN WYCK, to set aside the verdict, and for a new trial, on the minutes and exceptions taken in the case, and, further, upon the ground that the verdict was against the law, the evidence, and the weight of evidence, which motion was denied.   Defendant thereupon appealed from the judgment herein, and from the order denying the motion for a new trial.

The plaintiff was examined as a witness on his own behalf, no other evidence being offered on his part, and rested.   Defendants examined one David Salter, the conductor in charge of, and one James Wells, the driver of, the car at the time plaintiff sustained the alleged injuries, and rested.   The trial judge thereupon charged the jury, who rendered their verdict in favor of plaintiff.

The issues raised by the pleadings, and tried, were issues of fact only. The evidence of the witnesses on the part of the defendant was contradictory to the evidence of the plaintiff on many material points.   The trial justice, in his charge, fully and fairly submitted the case to the jury, calling its attention to the evidence of each of the witnesses; that plaintiff must prove his case by a preponderance of evidence, fully instructing the jury as to the meaning of the word "preponderance;" and also charged them upon the question of negligence and contributory negligence.   No exceptions were taken by defendants to the charge, and the jury rendered its verdict on a conflict of evidence.   Injuries to the person are without precise pecuniary measure, and therefore the amount of damages to be awarded in an action to recover damages for personal injuries has been left to the experience of jurors.   If the verdict rendered by them may reasonably be presumed to have resulted in an honest and intelligence exercise of judgment on their part, the court will not interfere with their conclusion.   In such actions a verdict will not be set aside as excessive unless it manifestly appears to be the result of passion, partiality, prejudice, or corruption.   The uncontradicted testimony of the plaintiff shows that he is a married man, a tailor, and works for himself; that he was hurt about his ankle, and that his leg was broken; that he was taken by an ambulance to the Chambers-Street Hospital, where he remained until next morning, after which he was taken to Bellevue Hospital, and from thence taken to the Charity Hospital, where he remained eight weeks; that he suffered much pain; that he still suffers pain; and that he is not able,

even at the present time, to work. The defendants' witness Salter was asked on cross-examination: "*Question.* Was he in pain? *Answer.* Apparently he was, because he was moaning." The jury by their verdict found, as a matter of fact, that the plaintiff was entitled to recover damages; and we do not think, under the circumstances, that the amount they awarded him was excessive. It was the province of the jury to pass upon the entire evidence; to consider how far any interest the witnesses might have, if any; which might influence their verdict; to give the evidence of each witness such weight as they considered it entitled to,—and the jury had a perfect right to disbelieve either of the witnesses unless such witness was corroborated. The policy of our law tends to made the jury the sole arbiters of conflicting evidence, and hence their verdict ought, as a rule, to be accepted as conclusively establishing the disputed questions they are called upon to decide. The jury have settled the facts in this case adversely to the defendants, and we can see no good reason why we should disturb their verdict. Where the evidence is conflicting, and the motion for a new trial has been denied, the judgment on the verdict will be affirmed. *Halpin* v. *Finch,* 6 N. Y. Supp. 357. There is no merit in any of the exceptions taken by defendant's counsel. The judgment and order appealed from must therefore be affirmed, with costs to the respondent.